NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GLOBAL REAL CONSTRUCTION, LLC, GLOBAL REAL ESTATE HOLDINGS, LLC, INTERPRISE FINANCIAL, INC., HAROLD FORD, and JULIAN FORD,<br><br>　　　　Defendants. | Civil Action No.: 09-207 (JLL)<br><br>**O P I N I O N** |

**LINARES, District Judge.**

　　This matter comes before the Court on the order to show cause of Plaintiff Westchester Fire Insurance Company ("Plaintiff" or "Westchester") requesting temporary restraints and a preliminary injunction hearing pursuant to Federal Rule of Civil Procedure 65 against Defendants Global Real Construction, LLC, Global Real Estate Holdings, LLC, Interprise Financial, Inc., Harold Ford, and Julian Ford (collectively "Defendants"). This Court exercises jurisdiction pursuant to its diversity jurisdiction. 28 U.S.C. § 1332. For the reasons set forth in this Opinion, Plaintiff's request for temporary restraints is denied.

**BACKGROUND**

　　This case centers around two contracts: one is a loan between Cordell Funding, LLLP ("Cordell") and Defendants ("the Loan Agreement"), and the other is an indemnity agreement

-1-

between Westchester and Defendants ("the Indemnity Agreement"). In preparation for obtaining the Loan Agreement from Cordell, Defendants executed the Indemnity Agreement on June 8, 2007. (Compl. Ex. A at 10.) The Indemnity Agreement provided that Defendants would satisfy "any and all" losses Westchester would sustain upon various contingencies, and required the Defendants to pay Westchester the amount of any loss reserve established by Westchester upon request. (Pl. Br. at 3-6.)

Defendants Global Real Construction, LLC and Global Real Estate Holdings, LLC (collectively "Global") subsequently entered into the Loan Agreement with Cordell on June 11, 2007. (Id. at 6.) The Loan Agreement provided Global with $1,750,000 to conduct business purchasing and renovating homes in Pennsylvania, New York, and New Jersey. (Id. at 6-7.) One of the conditions of the Loan Agreement required the posting of a performance bond in the amount of $1,750,000; Westchester issued the required bond on Global's behalf, in favor of Cordell, on June 11, 2007. (Id. at 7.) Westchester serves as the surety of the performance bond, in which Global Real Construction LLC is the principal. (Compl. Ex. C.)

On October 31, 2008, Cordell notified Westchester and Global that Global was in default of the Loan Agreement. (Compl. Ex. D. at 2.) Cordell demanded performance by Westchester under the performance bond, and stated the amount owed as $1,750,000, plus substantial interest and fees. (Id.) Westchester established a loss reserve of $1,750,000, and contacted Defendants to discharge their obligations under the Indemnity Agreement on December 8, 2008. (Compl. Ex. E; Pl. Br. at 7.) Westchester asserts that Defendants have not acceded to its request as of the date of the Complaint. (Compl. ¶ 27.)

## DISCUSSION

A.   **Legal Standard for a Temporary Restraining Order**

Federal Rule of Civil Procedure 65 permits District Courts to grant temporary restraining orders. Fed. R. Civ. P. 65(b). Injunctive relief is an "'extraordinary remedy' and 'should be granted only in limited circumstances.'" Kos Pharms. Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (quoting Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)). A court may grant an injunction only if a party shows: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., 369 F.3d at 708. A party must produce sufficient evidence of all four factors—and a district court should weigh all four—prior to granting injunctive relief. Winback, 42 F.3d at 1427. However, "[a]s a practical matter, if a plaintiff demonstrates both a likelihood of success and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." Id. at 1427, n.8.

The party seeking injunctive relief must demonstrate a "reasonable probability of eventual success in the litigation." Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982). In evaluating whether a moving party has satisfied this first part of the standard, "[i]t is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather, the burden is on the party seeking relief to make a prima facie case showing a reasonable probability that it will prevail on the merits." Oburn v. Shapp, 521 F.2d 142, 148 (3d Cir. 1975) (citations omitted).

B.   **Plaintiff's Motion for a Temporary Restraining Order**

Plaintiff's instant request for temporary restraints under Federal Rule of Civil Procedure 65 asks this Court to order Defendants to 1) deposit collateral worth $1,750,000 with Westchester (or, alternatively restrain transfer of any assets by Defendants and provide a lien on assets up to $1,750,000); 2) give Westchester access to Defendants' books and records; 3) provide an accounting to Westchester; and 4) commence discovery immediately and provide certain information within 3 days.  (OTSC at 3-4.)  Westchester bases its request for relief on equitable claims of specific performance, exoneration, and quia timet.

Although Westchester does not argue what state's law applies to any of its claims, and the Indemnity Agreement provided to the Court is silent on the issue,[1] the law of both Pennsylvania and New Jersey recognize the remedy of specific performance where an indemnity agreement calls for a principal to provide collateral to a surety after a third party seeks to exercise its rights to a bond.  "[I]n order to protect the surety's bargain, courts have granted specific performance to enforce collateral security provisions."  United States Fid. & Guar. Co. v. Feibus, 15 F. Supp 2d 579, 588 (M.D.Pa. 1998) (applying Pennsylvania law).  See also United States Bonding Ins. Co. v. Stein, 273 F. Supp. 929, 929-30 (E.D. Pa. 1967) (finding that a legal remedy will not suffice in an indemnity contract where an indemnitor seeks a demand deposit); Standard Sur. & Cas. Co. of N.Y. v. Caravel Ind. Corp., 15 A.2d 258, 260-61 (N.J. Ch. 1940) (recognizing that legal remedy inadequate in indemnity contract permitting indemnitor to demand collateral before the amount

---

[1] Perusal of the Indemnity Agreement discloses that it was formed between a corporation doing business in Pennsylvania and New Jersey entities and persons.  This Court will only engage in a choice of law analysis, therefore, if a substantive difference exists between Pennsylvania and New Jersey law.

-4-

of liability had been fixed).

Westchester, however, does not demonstrate on the instant motion any imminent irreparable harm that would justify temporary restraints. Its Complaint states that "the Indemnitors have failed and refused to place [in Westchester] collateral equal to the amount of its reserve or otherwise indemnify and save Westchester . . ." (Compl. ¶ 27.) Plaintiff also attaches to its Complaint a copy of the demand letter sent to Defendants, which specifically enumerates the portions of the Indemnity Agreement on which it relies. (Compl. Ex. E.) This Court accepts that the demand letter has remained unsatisfied based on the present record, but notes that the record is bare with respect to any exigent circumstances faced by Westchester calling for the drastic remedy of a temporary restraining order calling for the seizure or exchange of almost two million dollars, plus an accounting and various forms of immediate and expedited discovery. "No order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." Local Civ. R. 65.1(a). Presently, the record is bare as to why this matter should not have proceeded according to a notice of motion; instead, the record discloses a relatively leisurely pace to pretrial activity, with Westchester pausing more than one month between a request for collection on the bond and the issuance of the demand letter to Defendants, and then waiting in excess of another month prior to filing its Order to Show Cause. (Compl. Ex. D, Ex. E.) While facts may, at some future date, be placed in the record making it clear that immediate and irreparable harm may occur to Westchester requiring maintenance of the status quo, no facts at present demonstrate that Westchester will not be able to obtain its collateral from Defendants. See Hoeber v. Local 30, 939 F.2d 118, 127 (3d Cir.

1991) (finding that where the status quo is unaffected, a temporary injunction is not called for). "The function of the temporary restraining order is to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Tootsie Roll Industries, Inc. v. Sathers, Inc., 666 F. Supp. 655, 658 (D. Del. 1987). As there is nothing in the record at present demonstrating a rationale for utilizing the extreme remedy of a temporary restraining order, this Court finds that temporary restraints are not appropriate at the present time.

Because this Court finds that Plaintiff has not satisfied the requisite factual basis for a finding of irreparable harm to support a temporary restraining order, it will not engage in a detailed discussion of the remaining causes of action, exoneration and quia timet. Westchester relies on the same factual predicate for irreparable harm in all three causes of action. (Pl. Br. at 21.) This Court, therefore, will deny the temporary restraints sought by Westchester under exoneration and quia timet for the same reasons detailed supra.

Westchester also requests a preliminary injunction hearing in its instant request. As this Court previously noted with respect to the application for temporary restraints, the Local Rules require a litigant to demonstrate why a notice of motion will not suffice. Local Civ. R. 65.1(a). Here, while there may be facts demonstrating why Westchester can not sit by and wait while a traditional briefing schedule runs, they have not been presented in the instant Order to Show Cause.

Furthermore, a litigant must demonstrate that it cannot wait for the end of litigation to receive preliminary injunctive relief.

> In order to demonstrate irreparable harm the plaintiff must
> demonstrate potential harm which cannot be redressed by a legal or
> an equitable remedy following a trial. The preliminary injunction

must be the only way of protecting the plaintiff from harm.

Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). While the specific performance sought by Westchester is grounded on the reasoning that the collateral must be provided prior to a liquidated value of the final liability in order to preserve the indemnitor's bargain, United States Bonding Ins. Co., 273 F. Supp. at 929-30, it does not follow that preliminary injunctive relief is required prior to a trial on the equitable issue alone.  See United States Fid. & Guar. Co., 15 F. Supp 2d at 588 (ordering specific performance at summary judgment); Standard Sur. & Cas. Co. of N.Y., 15 A.2d 258, 260-61 (ruling on motion to strike answer).  The facts, as presently constituted, do not disclose any reason for Westchester to require preliminary injunctive relief but for its assertion that, prior to filing this suit, Defendants have not complied with the demand letter and the Indemnity Agreement. (Compl. ¶ 27, Ex. E.) That assertion is insufficient for this Court to grant an expedited hearing on the preliminary injunction issue. Local Civ. R. 65.1.  This Court, therefore, will deny the Order to Show Cause, and will order that the motion for a preliminary injunction follow the briefing schedule set by the Local Rules.

## **CONCLUSION**

For the reasons set forth in this Opinion, Plaintiff's request for temporary restraints is denied.  An appropriate Order accompanies this Opinion.


DATED: January 16, 2008                              /s/ Jose L. Linares
                                                    United States District Judge